UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HARVEY CANAL LIMITED PARTNERSHIP | CIVIL ACTION |
| VERSUS | NO: 08-1990 |
| NABORS OFFSHORE DRILLING, INC., ET AL. | SECTION: "A" (1) |

**ORDER AND REASONS**

Before the Court are a **Motion for Partial Summary Judgment (Rec. Doc. 68)** and a **Motion to Exclude Testimony of Plaintiff's Experts (Rec. Doc. 67)** filed by defendant Nabors Offshore Corporation. Plaintiff, Harvey Canal Limited Partnership, opposes the motions. The motions, set for hearing on January 6, 2010, are before the Court on the briefs without oral argument. For the reasons that follow, both motions are DENIED.

**I. BACKGROUND**

This is an action brought by plaintiff Harvey Canal Limited Partnership against Nabors Offshore Corporation for breach of a commercial lease. Harvey Canal and Nabors were once parties to a commercial lease involving waterfront property located in Harvey, Louisiana. The property in question consists of over 19 acres of land along and adjacent to the Harvey Canal. The original lease agreement, which was executed by Nabors' predecessor in interest, was dated May 1, 1997.

Nabors terminated the lease prior to its expiration. Nabors

1

contends that it did so pursuant to a cancellation provision in the lease but Harvey Canal contends that the early termination constitutes a breach of the lease.  After Nabors vacated the property in January 2008, several separate instances of vandalism/theft occurred resulting in extensive damage to the property.  Harvey Canal takes the position that this damage would not have occurred if Nabors had remained on the property in accordance with its obligations under the lease.  Harvey Canal also contends that Nabors further breached the lease by failing to maintain insurance that would have covered the losses due to vandalism/theft.

After Nabors vacated the property, Harvey Canal began negotiations to sell the waterfront portion of the property to Florida Marine.  Florida Marine hired Technical Environmental Services, Inc. to conduct an environmental assessment of the property.  Some limited remediation efforts were required on the waterfront portion of the property.  Harvey Canal then hired Leaaf Environmental to evaluate the condition of the non-waterfront portion of the property.  According to Harvey Canal, the extent of remediation required for that property remains undetermined.  Harvey Canal argues that Nabors and its predecessor Pool Company are the only industrial tenants that ever occupied the affected portions of the property and that prior to their occupancy the property was undeveloped pastureland.

This matter will be tried to the Court sitting without a jury on February 3, 2010. Nabors now moves to exclude Plaintiff's environmental experts and moves for summary judgment on Plaintiff's vandalism/theft and environmental pollution claims.

II. **DISCUSSION**

*Motion to Exclude Plaintiff's Experts*

Nabors seeks to exclude the environmental opinions, reports, and testimony of Claire Renault, Jane Morgan, and any other representative of Leaaf Environmental Services, LLC. Harvey Canal hired Leaaf Environmental to conduct an environmental assessment of the non-waterfront portion of the property. Renault and Morgan are the Leaaf geologists who conducted the environmental assessment for Plaintiff. Nabors contends that the testimony pertaining to environmental damages will not be helpful to the jury, and that the opinions are not reliable because they do not establish causation. Further, Nabors' own environmental expert has concluded that some of Ms. Renault's opinions are not supported by the evidence.

The motion is DENIED. This case will be tried to the Court and not to a jury. The Court need not risk potential reversible error by excluding Plaintiff's experts at this juncture because those concerns that accompany a trial by jury, e.g., confusion, undue influence, etc., are not at issue in a bench trial such as this one. Therefore, while Daubert concerns of reliability

remain relevant, this Court is fully capable of discounting Plaintiff's experts on <u>Daubert</u> grounds or any other applicable grounds, if appropriate, after the Court has had the opportunity to observe the experts at trial and to ask follow-up questions of its own. And the question of whether the experts are helpful to Harvey Canal in meeting its burden with respect to causation on the issue of environmental pollution can best be determined by the Court after hearing their testimony at the trial.

### *Motion for Partial Summary Judgment*

Nabors moves for summary judgment on Harvey Canal's claims for damages arising from vandalism/theft and environmental pollution. Nabors contends that the evidence does not support these claims.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." <u>TIG Ins. Co. v. Sedgwick James</u>, 276 F.3d 754, 759 (5th Cir. 2002) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Id.</u> (citing <u>Anderson</u>, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. <u>Id.</u> (citing <u>Anderson</u>, 477 U.S. at 255). Once the moving party has

4

initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

The motion is DENIED. Disputed issues of fact regarding which party bears responsibility for the damages attributable to vandalism/theft clearly preclude summary judgment. The Court cannot determine as a matter of law that Nabors' termination of the lease, if not valid, or some omission on its part after leaving the premises, is the proximate cause of Plaintiff's damages, as opposed to some unreasonable conduct on the part of Harvey Canal--or perhaps a combination of both. With respect to damages for environmental pollution, the Court will determine at trial whether Harvey Canal has met its burden of proving that Nabors caused the damage or whether Harvey Canal's claim that Nabors caused the damage is simply too speculative.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 68)** and the **Motion to Exclude Testimony of Plaintiff's**

**Experts (Rec. Doc. 67)** filed by defendant Nabors Offshore Corporation are **DENIED**.

January 19, 2010

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE